UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LEON POWELL, #484234,

        Petitioner,

                                CASE NO. 2:13-CV-13762
v.                                HONORABLE SEAN F. COX

WILLIE SMITH,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Michael Leon Powell ("Petitioner") pleaded no contest to assault with intent to commit murder, MICH. COMP. LAWS § 750.83, carjacking, MICH. COMP. LAWS § 750.529a, conspiracy to commit carjacking, MICH. COMP. LAWS § 750.529a, armed robbery, MICH. COMP. LAWS § 750.529, conspiracy to commit armed robbery, MICH. COMP. LAWS § 750.529, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, in the Wayne County Circuit Court. He was sentenced to concurrent terms of 14 ½ years to 25 years imprisonment on the assault, carjacking, armed robbery, and conspiracy convictions and a consecutive term of two years imprisonment on the felony firearm conviction in 2007. In his petition, he raises claims concerning the state trial court's jurisdiction and his innocence, the effectiveness of trial and appellate counsel, the voluntariness of his plea, and the denial of his pre-sentence request to withdraw his plea. For the reasons set forth, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.     Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. Petitioner states that he presented his fourth habeas claim (concerning the denial of his pre-sentence request to withdraw his plea) to the state courts on direct appeal of his convictions, but admits that he has not presented his first three habeas claims (concerning the state trial court's jurisdiction and his innocence, the effectiveness of trial and appellate counsel, and the voluntariness of his plea) to the state courts on direct or collateral review and raises those claims for the first time in this action. Petitioner has thus failed to properly exhaust all of his claims in the state courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of state court remedies would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state remedies). Additionally, a federal court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance, however, is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, there is no evidence of intentional delay, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has available remedies in the Michigan courts by which to satisfy the exhaustion requirement. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his unexhausted claims in the state appellate courts as necessary. Petitioner therefore has additional remedies in the state courts which must be exhausted before seeking federal habeas relief in order to give the state courts the first

3

opportunity to consider and rule upon all of his claims. Petitioner asserts that exhaustion of his claims in the state courts would be ineffective to protect his rights, but he offers no explanation as to why further exhaustion would be precluded or futile. His assertion is conclusory. He has failed to establish that state court remedies are unavailable or ineffective. Consequently, a non-prejudicial dismissal of the habeas petition is appropriate.

Moreover, Petitioner does not request a stay nor assert that his circumstances justify a stay. In fact, the habeas petition appears to already be untimely under the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), because Petitioner waited more than one year (and 90 days) after the conclusion of his direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. CT. R. 13(1), to institute this action. Thus, a non-prejudicial dismissal at this juncture will not further affect the timeliness of the petition. Additionally, while the record is unclear as to intentional delay, Petitioner has not shown good cause for failing to raise all of his habeas claims in the state courts before seeking federal habeas relief. Petitioner's claim that appellate counsel was ineffective for not raising certain claims on direct appeal, while perhaps justifying that procedural mis-step, does not excuse Petitioner's failure to present his unexhausted issues to the state courts on collateral review before proceeding in federal court on habeas review. Lastly, at least some of Petitioner's unexhausted claims concern matters of federal law which do not appear to be plainly meritless. Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

### III.  Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted available state court remedies as to all of his habeas claims. Accordingly, the Court **DISMISSES WITHOUT**

**PREJUDICE** the petition for a writ of habeas corpus. Should Petitioner wish to delete the unexhausted claims and proceed only on the fully exhausted claim, he may move to re-open this case and amend his petition to proceed on the exhausted claim within 30 days of the filing date of this order. The Court makes no determination as to the timeliness or merits of that claim.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

**IT IS SO ORDERED**.

Dated: October 10, 2013         s/ Sean F. Cox
                                Sean F. Cox
                                U. S. District Court Judge

I hereby certify that on October 10, 2013, the foregoing document was served upon counsel of record by electronic means and upon Michael Powell by First Class Mail at the address below:

Michael Powell
484234
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811

Dated: October 10, 2013         s/ J. McCoy
                                Case Manager